# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:26-CR-14 |
| | ) | JUDGES CRYTZER/McCOOK |
| | ) | |
| TYLER SHANE WELLS | ) | |
| ALEXANDER BONILLA-SERVIN | ) | |

## MOTION TO DISMISS COUNTS ONE, FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, AND TEN FOR VAGUENESS

Come Defendants Tyler Wells and Alexander Bonilla-Servin, jointly, through undersigned counsel, and respectfully move this Court for an Order dismissing Counts One, Four, Five, Six, Seven, Eight, Nine, and Ten for being unconstitutionally vague and failing to provide constitutionally required notice.

## I.      INTRODUCTION

On January 21, 2026, Tyler Wells and Alexander Bonilla-Servin were indicted in a ten-count indictment alleging various immigration related criminal offenses. The indictment alleges a date range from January 5- January 13, 2026. The indictment alleges offenses that primarily focus on six unnamed individuals and the events of January 13, 2026.

## II.     COUNTS ONE AND FIVE THROUGH TEN ARE UNCONSTITUTIONALLY VAGUE BECAUSE THE TERMS CONCEAL, HARBOR, AND SHIELD ARE NOT ADEQUATELY DEFINED AND FAIL TO GIVE THE AVERAGE PERSON CONSTITUTIONALLY REQUIRED NOTICE.

The prohibition of enforcing vague laws rests on "twin constitutional pillars of due process and the separation of powers." *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019). The due process pillar protects against the failure to provide constitutionally required notice to the accused; the separation of powers pillar protects against the erosion of democratic self-governance by "arbitrary or discriminatory" enforcement of the statute by law enforcement. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018).

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective bases, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford*, 408 U.S. 104, 108−09 (1972); *see also Davis*, 139 S. Ct. at 2325 ("Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide."). When a statute is phrased in a way that allows for discriminatory and arbitrary enforcement, it "allows policemen, prosecutors, and juries to pursue their personal predilections." *Smith v. Goguen,* 415 U.S. 566, 573 (1974).

Title 8 U.S.C. § 1324(a)(1)(A)(iii) states that a person commits an offense when a person knowingly or recklessly disregards the fact that an alien has "come to, entered, or remains in the United States in violation of law" and that person "conceals, harbors, or shields from detection. . . such alien in any place, including any building or any means of transportation[.]" The terms conceal, harbor, and shield are all unconstitutionally vague as used in this statute. None of these terms are defined under the statute.

The term conceal is unconstitutionally vague under this statute. The dictionary definition of conceal is "to prevent disclosure or recognition of" or "to place out of sight." *Conceal*, Merriam-Webster, https://www.merriam-webster.com/dictionary/conceal (Feb. 17, 2026).

The term harbor is unconstitutionally vague as used in this statute. The dictionary definition of harbor is "to give shelter or refuge to," "to be the home or habitat of," or "to hold especially persistently in the mind." *Harbor*, Merriam-Webster, https://www.merriam-webster.com/dictionary/harbor (Feb. 17, 2026). While this definition appears to be relatively straight forward, referring to some sort of shelter or housing, courts have held that harbor actually refers to conduct that is much broader than the plain meaning of the word. Harbor is not defined in the statute, nor is it a "term of art" with clear confines under the law. *United States v. Yun Zheng,* 87 F.4th 336, 344 (6th 2023). The expansive interpretation that law enforcement and courts have taken of harboring expands far beyond what an ordinary person would understand the word to mean. It invites arbitrary enforcement and an overly broad application of the statute for purposes that exceed the scope that the legislature intended.

Harboring continues to be unclear because it is unclear based on the plain language in the statute of whether a defendant is required to act intentionally in relation to the term. In *United States v. Yun Zheng*, the Sixth Circuit noted a Circuit split on the degree of intent required to establish harboring under this statute. *United States v. Yun Zheng*, 87 F.4th 336, 343 (6th Cir. 2023). The Third, Fifth, and Eighth Circuits have found that harboring "encompasses conduct that tends to substantially facilitate noncitizens remaining in the country illegally and prevent authorities from detecting the noncitizens' presence." *Id* (citations omitted). However, the Second, Seventh, and Ninth Circuits have found that harbor "requires a defendant to act intentionally or purposefully." *Id*. (citations omitted). The Sixth Circuit's interpretation falls into

the former group, finding that the Government does not have to prove that a defendant acted intentionally or purposefully. *Id*.

The term harboring alone is unconstitutionally vague. However, the vagueness is compounded by a reading of the statute that does not require a defendant to prove that the defendant acted with intent. The application of this statute invites widespread arbitrary enforcement. *See United States v. Ozcelik*, 527 F.3d 88, 101 (3d Cir. 2008) ("The government argues that because [the defendant] gave [the illegal alien] many instructions, including telling [the illegal alien] to hide, how to hide, and to use multiple addresses to avoid detection by the authorities, [the defendant] provided 'counseling' that violates the statute. We disagree. Instead, we view [the defendant]'s comments as general advice to, in effect, keep a low profile and not do anything illegal."); *see also United States v. Vargas-Cordon,* 733 F.3d 366, 382 (2d Cir. 2013) (noting that providing a material comfort that is intended to help with the prevention of detection may be considered harboring).

The term shield is likewise vague. It is defined in the dictionary as "to protect with or as if with a shield : provide with a protective cover or shelter" and "to cut off from observation." *Shield*, Merriam-Webster, https://www.merriam-webster.com/dictionary/shield (Feb. 17, 2026). This term is incredibly broad and like the terms before it, invites arbitrary enforcement and broad discretion to law enforcement.

### III. COUNT FOUR IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO MR. WELLS BECAUSE OFFICERS WERE NOT ENGAGED IN THE LAWFUL DISCHARGE OF THEIR DUTIES AT THE TIME OF THE ALLEGED OFFENSE.

Count Four alleges that Mr. Wells and Mr. Bonilla-Servin did conspire "to prevent by force, intimidation, and threat, officers of the United States from discharging their official duties, and to

injure officers of the United States in their persons and property on account of, and while such officers were engaged in, the lawful discharge of the duties of their offices, and to injure the property of such officers so as to molest, interrupt, hinder, and impede them in the discharge of their official duties." One of the essential elements of the offense is that the officers be engaged in the "lawful discharge of the duties of [their] office." 18 U.S.C. § 372.

As addressed in Mr. Wells's Motion to Dismiss Based on the Unlawful Entry of Law Enforcement, the officers that are identified in the indictment were not engaged in the lawful discharge of their duties. It is our understanding that they did not have a judicial warrant to enter the premises. The lawfulness of the law enforcement officers' activities is a question of law for the court to decide as a threshold issue before trial. *See United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Vertz*, 40 Fed.Appx. 69, 70 (6th Cir.2002) (unpublished) (stating that "where the defendant is arguing that as a matter of law the undisputed facts do not constitute the offense charged in an indictment, the Court is reviewing a question of law, not fact").For these reasons and those identified in Mr. Wells's Motion to Dismiss Based on Unlawful Entry, Count Four should be dismissed.

Respectfully submitted this 20th day of February 2026.

/s/ Georgia A. Miller
WADE V. DAVIES [BPR #016052]
GEORGIA A. MILLER [BPR #041197]
The Davies Law Firm, PLLC
900 S. Gay Street, Suite 802
Knoxville, TN 37902
(865) 686-6333
wdavies@wadedavies.law
*Counsel for Tyler Wells*

/s/ David M. Eldridge
DAVID M. ELDRIDGE (BPR # 012408)
LORETTA CRAVENS (BPR # 023576)
SHARON LEVERON (BPR # 042181)
ELDRIDGE & CRAVENS, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010
Email: deldridge@ecattorneys.law
Email: sleveron@ecattorneys.law
*Attorneys for Alexander Bonilla-Servin*